**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4859**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ARNOLDO MORENO-SEPULVEDA,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry F. Floyd, District Judge. (8:09-cr-01203-HFF-1)

———————

Submitted:  March 23, 2011        Decided:  March 28, 2011

———————

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arnoldo Moreno-Sepulveda pled guilty to assault on an inmate with the intent to cause bodily harm, in violation of 18 U.S.C. §§ 113(a), 7(3) (2006), and the district court sentenced him to a seventy-two-month within-Guidelines sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but asking the court to review the reasonableness of the sentence. Moreno-Sepulveda has filed a pro se supplemental brief.[*] We affirm.

Counsel questions whether the sentence is reasonable, but he points to no specific error. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. In determining the procedural reasonableness of a sentence, we consider whether

---

[*] In his pro se brief, Moreno-Sepulveda asserts that he was placed in double jeopardy because he was subject to prison discipline for the assault that led to his conviction and that the probation officer allegedly failed to interview him for the presentence report. We have reviewed these claims and conclude that they are without merit. To the extent Moreno-Sepulveda asserts that counsel provided ineffective assistance, we decline to address this claim on direct appeal. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (same).

the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51; see United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009), cert. denied, 130 S. Ct. 2128 (2010); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). With these standards in mind, we have reviewed the record on appeal and conclude that Moreno-Sepulveda's sentence is procedurally reasonable.

We next assess the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Where, as here, a defendant's sentence falls within the Guidelines range, the district court's decision enjoys a presumption of reasonableness. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) ("A sentence within the proper Sentencing Guidelines range is presumptively reasonable."). Because Moreno-Sepulveda fails to rebut the presumption of reasonableness, we conclude that his sentence is substantively reasonable and that the district court did not abuse its discretion in imposing a seventy-two-month sentence.

We have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Moreno-Sepulveda, in writing, of the right to petition the Supreme Court of the United States for further review. If Moreno-Sepulveda requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moreno-Sepulveda. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>